Charles F. Roberts v. Commissioner.
Roberts v. Commissioner
Docket No. 13508.
United States Tax Court
1948 Tax Ct. Memo LEXIS 131; 7 T.C.M. (CCH) 534; T.C.M. (RIA) 48142; July 29, 1948
*131 No appearance for the petitioner. Frank M. Cavanaugh, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: The Commissioner determined against petitioner the following deficiencies in income tax and the following penalties for fraud in the reporting of income: Year
Deficiency
50% Penalty
1942
$959.29
$479.64
1943
956.46
478.23
1944
747.00
373.50
1945
990.77
495.39 Having discovered bank deposits and assets indicating income substantially in excess of that reported and failing to procure from petitioner or his fragmentary records an explanation of such excess, the Commissioner recomputed income and determined the deficiencies on the basis of such data as was available, together with a penalty for fraudulent returns. Having assigned error in respect of numerous items of the computation and denied fraud, petitioner failed to make an appearance at the hearing. Respondent moved that the deficiencies determined be approved and offered evidence tending to establish fraud. Findings of Fact Petitioner, a resident of Kansas City, Missouri, filed income tax returns for 1942, 1943, 1944 and 1945 with the *132 collector of internal revenue for the sixth district of Missouri. The return for 1942 purports to be a joint return of petitioner and his wife, Beulah Bell Roberts, from whom he was divorced in 1943, but only petitioner's signature appears on it. The return for 1943 purports to be a joint return of petitioner and his wife, Edith May Roberts. The returns for 1944 and 1945 are individual returns. During the taxable years and prior thereto petitioner maintained offices in Kansas City representing the Atlas Raincoat Company and the Interstate Garment Company of Chicago, Illinois. He took orders for clothing which was delivered directly to the customer and the companies paid him by check twice a month for the business transacted. In addition he procured clothing from three other manufacturers and sold it through the United Tailoring Company which he operated in the name of his tailor without the knowledge of the Chicago firms. In 1945 he endeavored to interest his former brother-in-law in procuring clothing from the three manufacturers for sale in St. Louis, explaining that he kept receipts in an envelope at his office and made no declaration of the earnings from this trade in his income *133 tax returns. Petitioner kept only fragmentary records. To an examining revenue agent he displayed bank statements and some cancelled checks; his wife supplied missing checks. After the revenue agent had ascertained annual increases in bank balances and wealth substantially in excess of the net income reported by petitioner for the years 1942-1945, petitioner was invited to explain the discrepancies. At an ensuing conference he expressed his inability to do so in respect to numerous items, protesting, however, that he had correctly accounted for all income on his returns. On the basis of bank statements, checks and such records and information as was furnished the revenue agent computed petitioner's income tax for the four years, allowing business expenses of record, exemptions and credits. He did not include in income any undeposited receipts despite information that petitioner kept much cash at his office. He reduced total bank deposits by amounts ascertained to be loans and other non-income items. The gross and net incomes as reported by petitioner on his returns and as determined by the Commissioner were as follows: Reported
Determined
Year
Gross
Net
Gross
Net
1942
$7,247.64
$2,817.42
$ 9,843.99
$7,111.00
1943
7,371.83
1,819.08
12,571.67
5,374.68
1944
7,606.61
1,943.54
14,060.21
4,935.51
1945
7,389.80
2,187.97
14,432.76
5,905.33
*134 (For 1944 and 1945 the Commissioner added $500 as living expenses.) Petitioner knowingly failed to report all his income for 1942, 1943, 1944 and 1945, and the deficiencies in tax determined are due to fraud with intent to evade tax. Opinion Petitioner failed to appear either personally or by representative at the hearing, and respondent's motion that decision be entered for the tax deficiencies determined was granted for lack of prosecution. To sustain the burden imposed on him by section 1112, Internal Revenue Code, respondent introduced evidence to establish that these deficiencies were due to fraud with intent to evade tax. This evidence consisted of the testimony of a special agent of the Bureau of Internal Revenue who examined petitioner and records relating to his income and of the transcript of sworn statements made to agents of the Bureau's Intelligence Unit by petitioner and by his former brother-in-law. On this record we find that petitioner's returns for the taxable years were fraudulent. His books were incomplete and fragmentary; when questioned about large deposits, withdrawals for personal use and annual increases in his bank balances, *135 he offered no explanations, saying usually that he did not know how he could have deposited or withdrawn so much, - "I'm no good at figures. I can't figure them out." "I couldn't explain as I haven't had any set rules to go by." He admitted further that he had not deposited all moneys received by him, and some times paid expenses by cash on hand at his office. In 1945 petitioner made to his former brother-in-law, soon to be released from military service, a business proposition. In explaining his operations, he told the brother-in-law, according to the latter's sworn statement, that "he made better than $10,000 a year, but that much didn't show on his returns"; that he kept a substantial amount of cash at his office in an envelope from which he withdrew money for expenses. Even without the brother-in-law's statement, petitioner's failure to keep proper records and to explain the deposits and withdrawals is indicative of fraud. Hoefle v. Commissioner, (C.C.A., 6th Cir.) 114 Fed. (2d) 713; Rogers v. Commissioner, (C.C.A., 6th Cir.) 111 Fed. (2d) 987; Joseph Calafato, 42 B.T.A. 881; aff'd (C.C.A., 3rd Cir.) 124 Fed. (2d) 187. We sustain *136 the imposition of a 50 per cent penalty for each year. Decision will be entered for the respondent.